UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                                    **DECISION AND ORDER**

                    v.                                              12-CR-83S

DANIEL RODRIGUEZ,

                                    Defendant.

## I) INTRODUCTION

Pending before the Court is a motion (Dkt. No. 113) by defendant Daniel

Rodriguez ("Rodriguez") for reconsideration of its prior denial of bail on April 2,

2013 (Dkt. No. 67).   Rodriguez asks specifically for reconsideration of the Court's

prior determination that he would pose a danger to the community if released

under any conditions.   To support the motion, Rodriguez emphasizes the lack of

evidence connecting him to the death of Jabril Harper and emphasizes

connections to a number of family members in the area who might be able to

help with a bail package.   The Government opposes the motion by arguing that

Rodriguez has raised his arguments before and that any evidentiary issues

raised have no bearing on a bail determination.   The United States Probation

Office ("USPO") recommends continued detention.

The Court held a bail review hearing on May 27, 2014.   For the reasons

below, the Court denies the motion.

**II) BACKGROUND**

For the sake of brevity, the Court will assume familiarity with the case generally and will not repeat the background information from its prior bail determination.  Only one factual circumstance has changed since that decision.  As recently as mid-February 2014, the Government maintained that the Buffalo Police Department lost the original photo array presented to a woman named Sabrina Mack after the death of Jabril Harper.  (*See, e.g.*, Dkt. Nos. 62, 95.) Sometime after Frank Pimentel replaced Robert Moscati as principal Assistant United States Attorney in the case in March 2014, Mr. Pimentel, to his credit, conducted a fresh review of the situation regarding the missing photo array. However the exact events unfolded, by April 8, 2014, the Government informed all defense counsel in the case that it now had located the original photo array. (*See* Dkt. No. 106 at 3.)  Just two weeks later, on April 21, 2014, co-defendant Rodshaun Black filed supplemental motions pertaining to the late disclosure. (Dkt. No. 111.)  Two days later, Rodriguez filed a motion for joinder in the supplemental motions (Dkt. No. 112) and filed the pending bail motion.  The discovery of the photo array and its potential evidentiary implications appear to be a central part of Rodriguez's argument that the case against him is weak.

Rodriguez makes other arguments for bail as well.  As he did in his prior bail motion, Rodriguez notes that he has lived in the Buffalo, New York area since age nine and that he has a wife and children living in the area.  Rodriguez

also emphasizes that he does not have a passport and never has traveled outside the United States.  Rodriguez currently is unemployed due to a work-related injury and has no resources for bail but believes that family members can help.  Rodriguez downplays his "checkered background with the law" (Dkt. No. 113 at 4) given the weakness of the case against him and the extensive family ties to the area that mitigate any risk of flight.

The Government opposes the pending motion as repetitive.  According to the Government, the Court already addressed the conspiracy charges against Rodriguez and his family connections.  The Government notes that Rodriguez makes little mention in the pending motion of his criminal history and his repeated probation or parole violations.  As for the issue concerning the photo array, the Government argues substantively that the issue does not affect the witness's identification in itself and procedurally that the issue has nothing to do with flight risk or danger to the community.

## III) DISCUSSION

Once the Court has issued a detention order, as it has once before regarding this defendant, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will

reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, the only circumstance that has changed since the Court's last bail determination is still developing and may not have enough impact to affect Rodriguez's custody status. The two-year delay in finding the photo array in question is a problem. The delay has prompted supplemental defense motions that might require reopening some or all of the suppression hearing that already occurred (Dkt. No. 95). A reopening would add months of delay to this already two-year-old case, on top of the catastrophic delay that could occur if the Government does decide to seek the death penalty after all. As big of a procedural problem as the delay presents, however, Rodriguez unwittingly has explained why the delay may have a limited substantive impact on the case

4

against him.  A worst-case scenario for the Government following the delay would have the photo array and its related witness identification suppressed entirely.[1]  That suppression would dovetail with Rodriguez's repeated insistence that no evidence places him at the death of Jabril Harper.  As Rodriguez himself has stated, though, he is not charged with the murder of Jabril Harper.  He *is* charged with Hobbs Act conspiracy, which would not necessarily require his presence at the Harper murder.  As with the Court's prior bail determination, Rodriguez still has not addressed the evidence from informants and other sources that Rodriguez and others joined a conspiracy that successfully ran its course.  The issue concerning the photo delay thus does not affect the strength of the evidence against Rodriguez, at least not at this time.

All of the other circumstances that Rodriguez presents have not changed since the Court's last bail determination.  Rodriguez's extensive family connections are notable, but he still has a violent criminal history and still has violated probation or parole every previous time he faced prosecution.  Rodriguez still has not addressed the protection order that his wife obtained against him between February 5, 2011 and April 13, 2012; even if bail otherwise were appropriate, the Court would not consider letting Rodriguez live with his wife without a satisfactory explanation of that protective order.  Rodriguez has

---

[1] In deference to other pending motions in the docket, the Court stresses that the outcome of those motions is too early to tell and that it has not committed to recommending any outcome at this time.

not proposed any other residence with any other family member that the USPO could at least investigate for suitability.

Under these circumstances, the Court finds that the factors most relevant to Rodriguez's custody status have not changed.  The Court is content to let its prior detention order stand as is.

## IV) CONCLUSION

For all of the foregoing reasons, the Court denies Rodriguez's pending motion (Dkt. No. 113).


SO ORDERED.

_____/s/Hugh B. Scott_____ __
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: June 9, 2014